UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELEMAN ASKARBEK UULU,<br><br>Petitioner,<br><br>v.<br><br>MARION COUNTY ADULT DETENTION CENTER WARDEN, *et al.*,<br><br>Respondents. | ) | No. 1:26-cv-01673-RLY-MG |

**Order to Show Cause**

The Court, having considered the above action and the matters which are pending, makes the following rulings:

1. To promote efficient briefing of this action, Petitioner is encouraged to provide a courtesy copy of the petition and any exhibits, along with a copy of this Order to the following:

Shelese Woods, Assistant U.S. Attorney (shelese.woods@usdoj.gov)

Anthony W. Overholt, Frost Brown Todd LLP (aoverholt@fbtlaw.com)

These individuals may be willing to waive formal service under Rule 4 of the Federal Rules of Civil Procedure on behalf of their clients.

2. If counsel noted in step 1 does not agree to waive service, Petitioner is directed to serve a copy of the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on Respondents consistent with Rule 4. Along with the petition and any exhibits, service must also include a copy of this Order.

3. Respondents will have **seven days** from the date service is made or waived to answer the allegations of the habeas petition and show cause why the relief sought by Petitioner should not be granted. Petitioner will have **four days** after service of the answer to reply.

4. Petitioner will have **two days** to file a supplement addressing whether he has moved the immigration court for a bond hearing since *Cirrus Rojas v. Olson*, --- F.4th ----, No. 25-3127, 2026 WL 2198315 (7th Cir. July 30, 2026), was issued by the Seventh Circuit Court of Appeals.

5. The petition's allegations indicate that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and that he is entitled to, at minimum, an administrative bond hearing pursuant to *Cirrus Rojas*. If Respondents maintain that Petitioner is subject to mandatory detention without possibility of bond, they must explain in their return why *Cirrus Rojas* does not require respondents to provide Petitioner with an administrative bond hearing.

6. Respondents shall not transfer Petitioner outside the jurisdiction of the United States or to another federal judicial district during the pendency of this habeas petition without further order of Court following a proper motion by Respondents. *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947). Petitioner's motion for temporary restraining order, dkt. [6], is **granted** to the extent it is consistent with this order.

**IT IS SO ORDERED.**

Date: 8/19/2026

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Harun Taskin
Kent Law Partners LLC
htaskin@kentlawpartners.com